UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**KATHERINE LEES,**

        Plaintiff,

    -vs-                                          Case No. 10-C-86

**CARTHAGE COLLEGE, et al.,**

        Defendants.

## DECISION AND ORDER

On August 29, 2011, the Court granted Carthage College's motion for summary judgment. On appeal, the Seventh Circuit reversed and remanded for further proceedings. *Lees v. Carthage College*, 714 F.3d 516 (7th Cir. 2013). At a conference call held on June 19, the Court established a supplemental discovery deadline, a briefing schedule for the filing of motions in limine, and set this matter for trial in early October. The Court did not set a dispositive motion deadline, but only five days after the conference call, Carthage College filed a motion for summary judgment. This motion raises issues that were raised in the first summary judgment motion but not ruled upon by the Court.

The plaintiff, Katherine Lees, moves to strike Carthage College's motion, but there is nothing which precludes its filing. Fed. R. Civ. P. 56(b) ("Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery").

Moreover, the Seventh Circuit remanded for further proceedings consistent with its opinion, and there is nothing inconsistent about re-visiting Carthage College's alternative summary judgment arguments in light of the Seventh Circuit's ruling. *See, e.g., United States v. Sims*, --- F.3d ---, 2013 WL 3336734, at *2 (7th Cir. July 3, 2013) ("in a general remand the appellate court returns the case to the trial court for further proceedings consistent with the appellate court's decision, but consistency with that decision is the only limitation imposed by the appellate court"); *Driskill Inv., Ltd. V. G. Heileman Brewing Co. Inc.*, No. 86 C 4901, 1990 WL 143261, at *3 (N.D. Ill. Sept. 28, 1990) ("when the remand is general, the district court is free to decide any matter not foreclosed by the mandate") (citing *Moore's Fed. Practice*). That said, if the Court had known that Carthage College was going to file another dispositive motion, it would not have set this matter for trial in October. As it stands, the reply brief is due to be filed less than two weeks before the due date for motions in limine, a month before the final pretrial conference, and two months before trial. This is an untenable situation. The parties could be preparing for a trial that might never occur; at minimum, a ruling from the Court has the potential to narrow or frame the pertinent issues. Moreover, the Court simply needs more time to consider these arguments. If they were simple or straightforward, the Court would have ruled on them when they were initially raised.

      Lees' motion to strike [ECF No. 125] is **DENIED**. The briefing schedule for motions in limine is **VACATED**. The dates for trial and the final pretrial conference

Case 2:10-cv-00086-RTR   Filed 07/30/13   Page 2 of 3   Document 131

are **CANCELED**.  The deadline for supplemental discovery remains in effect.

Dated at Milwaukee, Wisconsin, this 30th day of July, 2013.

            **BY THE COURT:**

            _____
            **HON. RUDOLPH T. RANDA**
            **U.S. District Judge**