UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**KATHERINE LEES,**

        Plaintiff,

   -vs-                                          Case No. 10-C-86

**CARTHAGE COLLEGE and**
**LEXINGTON INSURANCE COMPANY,**

        Defendants.

## DECISION AND ORDER

Katherine Lees alleges that Carthage College failed to provide adequate security at her dormitory, and as a result, she was sexually assaulted in her dorm room. A more detailed background of this case is set forth in the Court's prior opinion, and also in the Seventh Circuit's opinion, which vacated and remanded for further proceedings. For present purposes, it is sufficient to note that this Court granted Carthage's motion for summary judgment because Lees failed to create a genuine issue of fact through admissible expert testimony on the applicable standard of care. ECF No. 96; 2011 WL 3844115 (E.D. Wis. Aug. 29, 2011). On appeal, the Seventh Circuit found that at least some of the testimony proffered by Lees' expert was admissible on this issue. 714 F.3d 516 (7th Cir. 2013). After remand, Carthage moved for summary judgment, essentially renewing the arguments that the Court did not rule upon in its prior decision. The Court must now analyze those arguments in light of the Seventh Circuit's mandate. "The mandate rule . . . is a stricter corollary of the 'law of the case'

doctrine. When a 'court of appeals has reversed a final judgment and remanded the case, the district court is required to comply with the express or implied rulings of the appellate court.'" *Orlando Residence Ltd. v. GP Credit Co., LLC*, 609 F. Supp. 2d 813, 815 (E.D. Wis. 2009) (quoting *Waid v. Merrill Area Public Schools*, 130 F.3d 1268, 1272 (7th Cir. 1997)).

Summary judgment should be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The plain language of the rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must accept as true the evidence of the nonmovant and draw all justifiable inferences in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Summary judgment is appropriate only if, on the record as a whole, a rational trier of fact could not find for the non-moving party. *Rogers v. City of Chi.*, 320 F.3d 748, 752 (7th Cir. 2003).

Lees' claim is for negligence, and in Wisconsin, such a claim has four elements: (1) the existence of a duty of care on the part of the defendant; (2) a breach of that duty of care; (3) a causal connection between the defendant's breach of the duty of care and the plaintiff's injury; and (4) actual loss or damage resulting from the injury. *Hornback v. Archdiocese of Milwaukee*, 752 N.W.2d 862, 867 (Wis. 2008).

The elements of duty and breach "are usually presented to the trier of fact in a question asking whether the defendant was negligent . . ." *Nichols v. Progressive N. Ins. Co.*, 746 N.W.2d 220, 225 (Wis. 2008).

The parties have recognized, and the Seventh Circuit has held, that where the "specifics of a defendant's duty of care involve specialized knowledge, plaintiffs must introduce expert testimony to establish this element of a negligence claim. Premises-security cases like this one fall within the category of negligence claims requiring expert testimony." *Lees* at 522 (internal citations omitted). "That question – what specific actions did Carthage need to take to meet its generalized duty of care – is what the term 'standard of care' addresses in this context, and that is the question the expert's testimony must address. In a sense, in this context the standard of care is a fusion of the elements of duty and breach: The security measures that were reasonable under the circumstances make up the duty of care, and to the extent that Carthage's actions fell below this standard, it breached that duty." *Id.* at 523.

Lees' expert, Dr. Daniel Kennedy, opined that Carthage should have installed a prop alarm on the basement door at Lees' dormitory (Tarble Hall); that the lobby should have been staffed between midnight and 2 a.m.; that visitors should have been escorted to dorm rooms; that the building should have used security cameras; and that students should have been told to close their doors when they were not socializing, especially late on weekend nights. The Seventh Circuit held that Dr. Kennedy's testimony about the "insecure basement door – specifically, the absence of a prop

alarm – is directly relevant to the facts of this case" and therefore admissible. *Lees* at 526. On the other points, the Seventh Circuit held that Dr. Kennedy's report "lacks sufficient analysis tied to experiential data about the use of these practices in residence halls. Perhaps that analysis is theoretically possible, but on the present record we find no abuse of discretion regarding these aspects of the proposed expert testimony." *Id.*

Accordingly, Carthage's primary argument on remand is that Lees failed to establish a causal connection between her assault and the negligently-maintained basement door. "To establish causation in Wisconsin, the plaintiff bears the burden of proving that the defendant's negligence was a substantial factor in causing the plaintiff's harm." *Ehlinger v. Sipes*, 454 N.W.2d 754, 758 (Wis. 1990). There is no evidence in the record to suggest that Lees' assailants entered through the basement door, as opposed to the front door, a window, or any other point of entry. Therefore, any finding that Carthage's negligence caused Lees' assault would be "in the realm of speculation and conjecture." *Merco Dist. Cop. v. Comm'l Police Alarm Co., Inc.*, 267 N.W.2d 652, 655 (Wis. 1978). "'A mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture or the probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict for the defendant.'" *Id.* (quoting Prosser, Law of Torts 241 (4th ed. 1971)).

In response, Lees argues that her case is not so limited, particularly because the Seventh Circuit also held that Dr. Kennedy's "general testimony" about the security standards promulgated by the International Association of Campus Law Enforcement

Administrators ("IACLEA") was admissible. However, this aspect of Dr. Kennedy's testimony is only admissible to the extent that he relied upon it to formulate his opinion on the standard of care. "[T]he relevant question for admissibility purposes is not whether IACLEA guidelines are controlling in the sense of an industry code, or even how persuasive they are. It is only whether consulting them is a methodologically sound practice on which to base an expert opinion in the context of this case. For a claim of this nature, we are convinced that it is." *Lees* at 525. Accordingly, Lees cannot rely upon Carthage's failure to meet or exceed other aspects of the IACLEA standards. Lees needs expert testimony to establish the relevant standard of care, and the only admissible portion of Dr. Kennedy's opinion regarding the standard of care is that which relates to the use of a prop alarm on the basement door. "[T]here is no question that these guidelines, standing alone, do not establish the standard of care." *Id.*

The Court also disagrees with Lees' contention that the Seventh Circuit somehow opened the door to "further explanation" by Dr. Kennedy regarding the excluded portions of his opinion. As noted above, the Seventh Circuit speculated that an "analysis tied to experiential data about the use of these practices in college residence halls" might be "theoretically possible, but on the present record we find no abuse of discretion regarding these aspects of the proposed testimony." *Id.* at 526. The Court does not view this passage as an invitation for further analysis, but rather a comment on the deficiencies of Dr. Kennedy's report. The admissibility of Dr.

Kennedy's testimony has been ruled upon and is no longer at issue.

While the foregoing analysis is sufficient to dispose of this case on summary judgment, the Court will discuss Carthage's other arguments to make a more complete record for the court of appeals. First, Carthage argues that the assault on Lees was not foreseeable, and therefore, it did not breach its duty of reasonable care. "A lack of foreseeable risk in a specific case may be a basis for a no-breach determination," *Behrendt v. Gulf Underwriters Ins. Co.*, 768 N.W.2d 568, 577 (Wis. 2009), but in this case, the standard of care is a "fusion of the elements of duty and breach." *Lees* at 523. Since Dr. Kennedy's testimony is at least partially admissible with regard to the standard of care, there is a genuine issue of material fact as to whether Carthage breached that standard. Put another way, Dr. Kennedy's testimony on the standard of care assumes that the risk was foreseeable. Foreseeability, or lack thereof, would be another way to undermine Dr. Kennedy's testimony on the standard of care at trial. "The security measures that were reasonable under the circumstances make up the duty of care, and to the extent that Carthage's actions fell below this standard, it breached that duty. *The foreseeability of particular kinds of harms may inform this analysis*, but foreseeability itself is not the ultimate issue for the jury as it may be in ordinary negligence cases." *Id.* (emphasis added).

Next, Carthage argues that Lees failed to create an issue of fact as to whether her assailants were intruders. "In premises security cases particularly, the necessary causal link between a landlord's culpable failure to provide adequate security and a

- 6 -

tenant's injuries resulting from a criminal attack in the building can be established only if the assailant gained access to the premises through a negligently maintained entrance." *Burgos v. Aqueduct Realty Corp.*, 706 N.E.2d 1163, 1166 (N.Y. 1998); *see also Williams v. Utica College of Syr. Univ.*, 453 F.3d 112, 119-20 (2d Cir. 2006). Since "even a fully secured entrance would not keep out another tenant, or someone allowed into the building by another tenant, plaintiff can recover only if the assailant was an intruder. Without such a requirement, landlords would be exposed to liability for virtually all criminal activity in their buildings." *Burgos* at 1166. Thus, "a plaintiff who sues a landlord for negligent failure to take minimal precautions to protect tenants from harm can satisfy the proximate cause burden at trial even where the assailant remains unidentified, if the evidence renders it more likely or more reasonable than not that the assailant was an intruder who gained access to the premises through a negligently maintained entrance." *Id.*[1] It is undisputed that the attack occurred at a time of night when all Carthage students, not just Tarble Hall residents, were allowed into Tarble Hall. Lees insisted (and still insists) that her assailants were fellow students, and there is no evidence in the record to suggest otherwise. Lees argues that the policy allowing all students into Tarble Hall was a negligent policy, but again, Lees

---

[1] Lees argues that the "intruder" requirement does not accord with Wisconsin law, but the Court disagrees. It is a straightforward application of the causation requirement. As noted above, and as highlighted by the rule expressed in *Burgos*, Lees must establish a causal link between her assault and a negligently-maintained entrance.

- 7 -

needs expert testimony on that point.[2]  Lees' pointed failure to provide any evidence that she was assaulted by an intruder is an alternative ground for granting Carthage's motion for summary judgment.

Finally, Carthage argues that it is entitled to judgment pursuant to Wisconsin's comparative negligence statute, under which Lees cannot recover if her own negligence exceeds Carthage's negligence.  Wis. Stat. § 895.045(1); *Bain v. Tielens Const., Inc.*, 718 N.W.2d 240, 243 (Wis. Ct. App. 2006) ("Contributory negligence does not bar recovery as long as the plaintiff's negligence is not greater than the defendant's negligence").  Comparative negligence is typically a jury question, but Carthage argues that this is one of the rare cases where it is "clear and uncontroverted that one party is substantially more negligent than the other and that no reasonable jury could reach a conclusion to the contrary." *Huss v. Yale Materials Handling Corp.*, 538 N.W.2d 630, 637 (Wis. Ct. App. 1995).  The Court disagrees.  Even though the open door policy cannot be considered in assessing Carthage's negligence, it can be considered in assessing any contributory negligence claim against Lees.  The open door policy remains as part of the record, as do other facts bearing upon the contributory negligence claim.  Thus, those facts present a jury issue relative to contributory negligence.

---

[2] Lees' argument that she does not need expert testimony is contrary to her position in the initial round of summary judgment briefing.  It is also incorrect.  *Lees* at 522 ("Premises-security cases like this one fall within the category of negligence claims requiring expert testimony").

- 8 -

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** Carthage's motion for summary judgment [ECF No. 121] is **GRANTED**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 24th day of September, 2013.

BY THE COURT:

_____
HON. RUDOLPH T. RANDA
U.S. District Judge